QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
  shonmorgan@quinnemanuel.com
  Joseph R. Ashby (Bar No. 248579)
  josephashby@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Defendant Kia Motors America, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG WALLIS and JODIE PELTIER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KIA MOTORS AMERICA, INC. and Does 1 through 10, inclusive, Inclusive, <br><br> Defendants. | CASE NO. 8:16-cv-01033-AG-DFM <br><br> **ANSWER TO CLASS ACTION COMPLAINT** <br><br> Hon. Andrew J. Guilford <br><br> Filing Date:      June 2, 2016 |

TO THE COURT AND ALL PARTIES HEREIN,

Defendant Kia Motors America, Inc. ("KMA"), for itself alone and for no other defendant, answers the Class Action Complaint dated June 2, 2016 ("Complaint"), as follows:

## ANSWER

1.    Answering paragraph 1, KMA admits that plaintiffs purport to bring this action on behalf of the class specified therein.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

2.    Answering paragraph 2, KMA denies, generally and specifically, each and every allegation contained therein.

3.    Answering paragraph 3, KMA denies, generally and specifically, each and every allegation contained therein.

4.    Answering paragraph 4, KMA denies, generally and specifically, each and every allegation contained therein.

5.    Answering paragraph 5, KMA denies, generally and specifically, each and every allegation contained therein.

6.    Answering paragraph 6, KMA denies, generally and specifically, each and every allegation contained therein.

7.    Answering paragraph 7, KMA denies, generally and specifically, each and every allegation contained therein.

8.    Answering paragraph 8, KMA denies, generally and specifically, each and every allegation contained therein.

9.    Answering paragraph 9, KMA denies, generally and specifically, each and every allegation contained therein.

10.   Answering paragraph 10, KMA denies, generally and specifically, each and every allegation contained therein.

11.     Answering paragraph 11, KMA denies, generally and specifically, each and every allegation contained therein.

12.     Answering paragraph 12, KMA denies, generally and specifically, each and every allegation contained therein.

13.     Answering paragraph 13, KMA admits that plaintiffs purport to seek redress for the harms alleged therein.  Answering further, KMA denies that plaintiffs' claims have any merit and they are entitled to any relief.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

## **JURISDICTION**

14.     Answering paragraph 14, this paragraph includes statements of legal standards or legal conclusions that do not require an admission or denial.  To the extent it includes factual allegations, KMA admits that plaintiffs propose a class of 100 or more members with an aggregate amount in controversy exceeding $5 million, exclusive of interests and costs.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

15.     Answering paragraph 15, KMA admits this Court has personal jurisdiction over KMA.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

## **VENUE**

16.     Answering paragraph 16, KMA admits that KMA is a California corporation and that it presently has its principal place of business in Irvine, California.  KMA further admits this Court has personal jurisdiction over KMA. KMA further admits that it engaged in advertising campaigns applicable to the 2013 Model Year Optima and 2013 Model Year Sorento in the judicial district were plaintiffs have filed suit.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

# PARTIES

### A.  Plaintiff Greg Wallis

17.  Answering paragraph 17, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

18.  Answering paragraph 18, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

19.  Answering paragraph 19, KMA admits that the 2013 Model Year Kia Optima with the VIN 5XXGM4A72DG141288 was manufactured at Kia Motors Manufacturing Georgia, Inc.  KMA further admits that the 2.4L GDI engine in the 2013 Model Year Kia Optima with the VIN 5XXGM4A72DG141288 was manufactured at Hyundai Motor Manufacturing Alabama, LLC.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

20.  Answering paragraph 20, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

21.  Answering paragraph 21, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

22.  Answering paragraph 22, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

23.  Answering paragraph 23, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

24.  Answering paragraph 24, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

25.  Answering paragraph 25, KMA lacks sufficient information or belief to enable it to answer the allegations relating to plaintiff Wallis' experience with his vehicle and therefore denies them.  KMA denies, generally and specifically, each and every remaining allegation contained therein.

26.     Answering paragraph 26, KMA lacks sufficient information or belief to enable it to answer the allegations relating to statements of third parties to plaintiff Wallis and therefore denies them.  KMA denies, generally and specifically, each and every remaining allegation contained therein.

**B.     Plaintiff Jodie Peltier**

27.     Answering paragraph 27, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

28.     Answering paragraph 28, KMA admits that William Peltier purchased a new 2013 Model Year Kia Sorento bearing the VIN 5XYKT3A60DG400158 from Raymond Kia of Antioch, Illinois.  KMA further admits that Raymond Kia of Antioch, Illinois is an authorized Kia dealership.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

29.     Answering paragraph 29, KMA admits that the 2013 Model Year Kia Sorento with the VIN 5XYKT3A60DG400158 was manufactured at Kia Motors Manufacturing Georgia, Inc.  KMA further admits that the 2.4L GDI engine in the 2013 Model Year Kia Sorento with the VIN 5XYKT3A60DG400158 was manufactured at Hyundai Motor Manufacturing Alabama, LLC.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

30.     Answering paragraph 30, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

31.     Answering paragraph 31, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

32.     Answering paragraph 32, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

33.     Answering paragraph 33, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

34.     Answering paragraph 34, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

35.     Answering paragraph 35, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

36.     Answering paragraph 36, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

37.     Answering paragraph 37, KMA denies, generally and specifically, each and every allegation contained therein.

38.     Answering paragraph 38, KMA lacks sufficient information or belief to enable it to answer the allegations relating to statements of third parties to plaintiff Wallis and therefore denies them.  KMA denies, generally and specifically, each and every remaining allegation contained therein.

## C.     Defendant KMA

39.     Answering paragraph 39, KMA admits that KMA distributes certain Kia brand vehicles, including the 2013 Model Year Kia Optima and the 2013 Model Year Kia Sorento, to Kia dealerships in the contiguous 48 U.S. states for further sale.  KMA admits that it has a role in developing certain advertisements, owner's manuals, and warranty booklets for Kia brand vehicles sold in the United States. Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

40.     Answering paragraph 40, KMA admits that KMA is a California corporation and that it presently has its principal place of business at 111 Peters Canyon Road, Irvine, California 92606.  KMA admits that KMA distributes certain Kia brand vehicles to Kia dealerships for further sale in the United States.  KMA also admits that the vehicles it distributes to Kia dealerships are sold to the Kia dealerships for further sale.  KMA also admits that there are authorized Kia dealerships in the contiguous 48 U.S. states to which KMA distributes certain Kia

1  vehicles.  Other than as specifically admitted, KMA denies, generally and

2  specifically, each and every allegation contained therein.

3      41.   Answering paragraph 41, KMA admits it distributes certain Kia

4  vehicles and has a role in determining the provision of service performed under

5  KMA's limited warranty for the vehicles it distributes.  Other than as specifically

6  admitted, KMA denies, generally and specifically, each and every allegation

7  contained therein.

8      42.   Answering paragraph 42, KMA admits it has a role in developing

9  certain advertisements, owner's manuals, and warranty booklets for Kia brand

10  vehicles sold in the United States.  Other than as specifically admitted, KMA denies,

11  generally and specifically, each and every allegation contained therein.

12      43.   Answering paragraph 43, KMA admits it engages in continuous and

13  substantial business in California.

14      44.   Answering paragraph 44, KMA lacks sufficient information or belief to

15  enable it to answer the allegations and therefore denies them.

16      45.   Answering paragraph 45, KMA lacks sufficient information or belief to

17  enable it to answer the allegations relating to the actions of third parties and

18  therefore denies them.  KMA denies, generally and specifically, each and every

19  allegation contained therein.

20                    **CALIFORNIA LAW APPLIES**

21      46.   Answering paragraph 46, KMA denies, generally and specifically, each

22  and every allegation contained therein.

23      47.   Answering paragraph 47, KMA admits that its principal place of

24  business is in Irvine, California.  KMA further admits that it distributes certain Kia

25  vehicles to authorized Kia dealerships in the contiguous 48 U.S. states for further

26  sale.  Other than as specifically admitted, KMA denies, generally and specifically,

27  each and every allegation contained therein.

28

48.     Answering paragraph 48, KMA admits that its Consumer Affairs and Warranty departments are headquartered at KMA's principal place of business in Irvine, California.  KMA further admits that its Consumer Affairs department is responsible for customer communications that are made directly to KMA and that the mailing address for customer communications is P.O. Box 52410, Irvine, California 92619-2410.  KMA also admits that its Warranty department is responsible for administering the limited warranty KMA provides for vehicles KMA distributes.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

49.     Answering paragraph 49, KMA admits that its principal place of business is in Irvine, California.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

## TOLLING OF STATUTES OF LIMITATIONS

50.     Answering paragraph 50, KMA denies, generally and specifically, each and every allegation contained therein.

51.     Answering paragraph 51, KMA denies, generally and specifically, each and every allegation contained therein.

52.     Answering paragraph 52, KMA denies, generally and specifically, each and every allegation contained therein.

## FACTUAL ALLEGATIONS

**A.     The Defective Engine Components within the Class Vehicles**

53.     Answering paragraph 53, KMA admits that Kia Motors Corporation was established in December 1944 under the laws of the Republic of Korea to manufacture and sell a range of passenger cars, recreational vehicles and other commercial vehicles in the domestic and international markets.  KMA further admits that Kia Motors Corporation is one of the leading motor vehicle manufactures in Korea.  KMA also admits that Hyundai Motor Company owns 33.88 percent of Kia Motors Corporation's stock.  Other than as specifically

admitted, KMA denies, generally and specifically, each and every allegation contained therein.

54.     Answering paragraph 54, KMA admits that it is a subsidiary of Kia Motors Corporation.  KMA admits that KMA distributes certain Kia brand vehicles to Kia dealerships for further sale in the United States.  KMA further admits that there are authorized Kia dealerships in the contiguous United States to which KMA distributes certain Kia vehicles.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

55.     Answering paragraph 55, KMA admits that in May 2005 Hyundai Motor Manufacturing Alabama, LLC opened a plant in Alabama.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

56.     Answering paragraph 56, KMA admits that the allegations quote from the April 13, 2007 issue of *HMMA News* which includes the statement that Hyundai Motor Manufacturing Alabama, LLC "will invest approximately $270 million to construct the 349,440-square-foot building, which will manufacture 2.4-liter 4-cylinder Theta engines, enabling Hyundai to serve its growing manufacturing operations in the United States, including supplying engines to the new Kia plant being built in Southwest Georgia."  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

57.     Answering paragraph 57, KMA admits that the allegations refer to the Hyundai Motor Manufacturing Alabama, LLC website page describing the engines manufactured by Hyundai Motor Manufacturing Alabama, LLC.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

58.     Answering paragraph 58, KMA admits that certain GDI engines for the 2011-2014 Model Year Optima and 2012-2014 Model Year Sorento were manufactured by Hyundai Motor Manufacturing Alabama, LLC in Alabama.  Other

1   than as specifically admitted, KMA denies, generally and specifically, each and

2   every allegation contained therein.

3                **1.      The GDI Engines**

4        59.     Answering paragraph 59, KMA denies, generally and specifically, each

5   and every allegation contained therein.

6        60.     Answering paragraph 60, KMA denies, generally and specifically, each

7   and every allegation contained therein.

8        61.     Answering paragraph 61,  KMA denies, generally and specifically,

9   each and every allegation contained therein.

10        62.     Answering paragraph 62, KMA denies, generally and specifically, each

11   and every allegation contained therein.

12        63.     Answering paragraph 63, KMA denies, generally and specifically, each

13   and every allegation contained therein.

14        64.     Answering paragraph 64, KMA denies, generally and specifically, each

15   and every allegation contained therein.

16                **2.      The Hyundai GDI Recall**

17        65.     Answering paragraph 65, KMA admits the information referred to in

18   this paragraph refers to a recall by another company.  Other than as specifically

19   admitted, KMA denies, generally and specifically, each and every allegation

20   contained therein.

21        66.     Answering paragraph 66, KMA admits the information referred to in

22   this paragraph refers to a recall by another company.  Other than as specifically

23   admitted, KMA denies, generally and specifically, each and every allegation

24   contained therein.

25        67.     Answering paragraph 67, KMA admits the information referred to in

26   this paragraph refers to a recall by another company.  Other than as specifically

27   admitted, KMA denies, generally and specifically, each and every allegation

28   contained therein.

68.     Answering paragraph 68, KMA admits the information referred to in this paragraph refers to a recall by another company.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

69.     Answering paragraph 69, KMA admits the information referred to in this paragraph refers to a recall by another company.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

### 3.    Engine Failures Within the Class Vehicles

70.     Answering paragraph 70, KMA denies, generally and specifically, each and every allegation contained therein.

71.     Answering paragraph 71, KMA denies, generally and specifically, each and every allegation contained therein.

72.     Answering paragraph 72, KMA denies, generally and specifically, each and every allegation contained therein.

73.     Answering paragraph 73, KMA denies, generally and specifically, each and every allegation contained therein.

74.     Answering paragraph 74, KMA denies, generally and specifically, each and every allegation contained therein.

75.     Answering paragraph 75, KMA denies, generally and specifically, each and every allegation contained therein.

76.     Answering paragraph 76, KMA denies, generally and specifically, each and every allegation contained therein.

77.     Answering paragraph 77, KMA admits that the paragraph refers to a purported statement from NHTSA.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

78.     Answering paragraph 78, KMA denies, generally and specifically, each and every allegation contained therein.

**B.     Defendant KMA's Knowledge of the Engine Defect**

79.     Answering paragraph 79, KMA denies, generally and specifically, each and every allegation contained therein.

80.     Answering paragraph 80, KMA denies, generally and specifically, each and every allegation contained therein.

81.     Answering paragraph 81, KMA denies, generally and specifically, each and every allegation contained therein.

82.     Answering paragraph 82, KMA denies, generally and specifically, each and every allegation contained therein.

83.     Answering paragraph 83, KMA admits that its Warranty department is responsible for administering the limited warranty KMA provides for vehicles KMA distributes.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

84.     Answering paragraph 84, KMA admits that its Warranty department is responsible for administering the limited warranty KMA provides for vehicles KMA distributes.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

85.     Answering paragraph 85, KMA admits that it issued Technical Service Bulletin No. ENG114R1.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

**1.     Complaints by Other Class Members**

86.     Answering paragraph 86, KMA lacks sufficient information or belief to enable it to answer the allegations and therefore denies them.

87.     Answering paragraph 87, KMA denies, generally and specifically, each and every allegation contained therein.

**C.     KMA's Warranty-Related Practices**

88.     Answering paragraph 88, KMA admits that it provided certain Kia vehicles sold in the contiguous 48 U.S. states a "Limited Basic Warranty" and a

"Limited Power Train Warranty."  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

89.   Answering paragraph 89, KMA admits that subject to the terms and limitations of the "Limited Basic Warranty" the duration of the "Limited Basic Warranty" is for the earlier of 5 years or 60,000 miles.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

90.   Answering paragraph 90, KMA admits that subject to the terms and limitations of the "Limited Power Train Warranty" the duration of the "Limited Power Train Warranty" is for the earlier of 10 years or 100,000 miles.  KMA further admits that a document titled *2014 Warranty and Consumer Information Manual* includes the following statements as to the coverage for "Limited Power Train Warranty":

> **"In the Engine:** Cylinder block, cylinder head and all internal parts, timing gear, seals and gaskets, valve cover, flywheel, oil pump, water pump and turbo charger."

> "**In the Transaxle:** Transmission case and all internal parts, torque converter, drive shafts, universal joints, front hubs, bearings, seals and gaskets."

> "**In the Transmission:** Transmission case, transfer case, torque converter and all internal parts, seals, and gaskets."

Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

91.   Answering paragraph 91, KMA admits that materials for the "Limited Basic Warranty" and the "Limited Power Train Warranty" direct owners and lessees to bring their vehicles to an authorized Kia dealer for service.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

92.   Answering paragraph 92, KMA denies, generally and specifically, each and every allegation contained therein.

93.     Answering paragraph 93, KMA denies, generally and specifically, each and every allegation contained therein.

94.     Answering paragraph 94, KMA admits that certain Kia advertisements have referred to the terms of the "Limited Basic Warranty" and "Limited Power Train Warranty."  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

95.     Answering paragraph 95, KMA denies, generally and specifically, each and every allegation contained therein.

96.     Answering paragraph 96, KMA denies, generally and specifically, each and every allegation contained therein.

## CLASS ALLEGATIONS

97.     Answering paragraph 97, this paragraph simply reflects plaintiffs' proposed nationwide class definition and does not require an admission or denial.

98.     Answering paragraph 98, this paragraph simply reflects plaintiffs' proposed California and Illinois class definitions and does not require an admission or denial.

99.     Answering paragraph 99, this paragraph simply reflects plaintiffs' proposed nationwide, California, and Illinois class definitions and does not require an admission or denial.

100.    Answering paragraph 100, KMA admits that the Class, if certified as currently defined, would include thousands of individuals.  KMA lacks sufficient information or belief to enable it to answer the allegations of the paragraph regarding the identity of class members or ascertainability of the Class, and on that basis, denies, generally and specifically, each and every allegation contained therein.

101.    Answering paragraph 101, KMA denies, generally and specifically, each and every allegation contained therein.

102.    Answering paragraph 102, KMA denies, generally and specifically, each and every allegation contained therein.

103.   Answering paragraph 103, KMA denies, generally and specifically, each and every allegation contained therein.

104.   Answering paragraph 104, KMA denies, generally and specifically, each and every allegation contained therein.

105.   Answering paragraph 105, KMA denies, generally and specifically, each and every allegation contained therein.

<u>**CAUSES OF ACTION**</u>

<u>**FIRST CAUSE OF ACTION**</u>

**VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT ("CLRA") (Cal. Civ. Code § 1750, *et seq*.)**

**(On Behalf of the Nationwide Class or, Alternatively, the California Class)**

106.   Answering paragraph 106, KMA re-alleges its responses to Paragraphs 1-105 as if fully set forth in response.

107.   Answering paragraph 107, this paragraph simply reflects on whose behalf plaintiffs assert this claim and does not require admission or denial.

108.   Answering paragraph 108, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein.

109.   Answering paragraph 109, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein.

110.   Answering paragraph 110, KMA denies, generally and specifically, each and every allegation contained therein.

111.   Answering paragraph 111, KMA denies, generally and specifically, each and every allegation contained therein.

112.   Answering paragraph 112, KMA denies, generally and specifically, each and every allegation contained therein.

113.   Answering paragraph 113, KMA denies, generally and specifically, each and every allegation contained therein.

114.   Answering paragraph 114, KMA denies, generally and specifically, each and every allegation contained therein.

115.   Answering paragraph 115, KMA denies, generally and specifically, each and every allegation contained therein, and also denies that plaintiffs or the purported Class are entitled to any relief.

116.   Answering paragraph 116, KMA denies, generally and specifically, each and every allegation contained therein, and also denies that plaintiffs or the purported Class are entitled to any relief.

117.   Answering paragraph 117, KMA denies, generally and specifically, each and every allegation contained therein, and also denies that plaintiffs or the purported Class are entitled to any relief.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW**

**(Cal. Bus. & Prof. Code § 17200)**

**(On Behalf of the Nationwide Class or, Alternatively,**

**the California Class)**

118.   Answering paragraph 118, KMA re-alleges its responses to Paragraphs 1-117 as if fully set forth in response.

119.   Answering paragraph 119, this paragraph simply reflects on whose behalf plaintiffs assert this claim and does not require admission or denial.

120.   Answering paragraph 120, KMA admits that California's Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200, defines unfair competition. Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

121.   Answering paragraph 121, KMA denies, generally and specifically, each and every allegation contained therein.

122.   Answering paragraph 122, KMA denies, generally and specifically, each and every allegation contained therein.

123.   Answering paragraph 123, KMA denies, generally and specifically, each and every allegation contained therein.

124.   Answering paragraph 124, KMA denies, generally and specifically, each and every allegation contained therein.

125.   Answering paragraph 125, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein.

126.   Answering paragraph 126, KMA denies, generally and specifically, each and every allegation contained therein and also denies that plaintiffs or the purported Class are entitled to any relief.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW

### (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

### (On Behalf of the Nationwide Class or, Alternatively,

### the California Class)

127.   Answering paragraph 127, KMA re-alleges its responses to Paragraphs 1-126 as if fully set forth in response.

128.   Answering paragraph 128, this paragraph simply reflects on whose behalf plaintiffs assert this claim and does not require admission or denial.

129.   Answering paragraph 129, this paragraph includes statements of legal standards or legal conclusions that do not require an admission or denial.

130.   Answering paragraph 130, KMA denies, generally and specifically, each and every allegation contained therein.

131.  Answering paragraph 131, KMA denies, generally and specifically, each and every allegation contained therein.

132.  Answering paragraph 132, KMA denies, generally and specifically, each and every allegation contained therein and also denies that plaintiffs or the purported Class are entitled to any relief.

133.  Answering paragraph 133, KMA denies, generally and specifically, each and every allegation contained therein.

134.  Answering paragraph 134, KMA denies, generally and specifically, each and every allegation contained therein and also denies that plaintiffs or the purported Class are entitled to any relief.

<u>**FOURTH CAUSE OF ACTION**</u>

**VIOLATION OF THE ILLINOIS CONSUMER FRAUD**

**AND DECEPTIVE TRADE PRACTICES ACT**

**(815, ILCS 505/1, *et seq*.)**

**(On Behalf of the Illinois Class)**

135.  Answering paragraph 135, KMA re-alleges its responses to Paragraphs 1-134 as if fully set forth in response.

136.  Answering paragraph 136, this paragraph simply reflects on whose behalf plaintiffs assert this claim and does not require admission or denial.

137.  Answering paragraph 137, KMA admits that 815 Ill. Comp. Stat. Ann. 505/2 declares unlawful "unfair or deceptive acts or practices."  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

138.  Answering paragraph 138, KMA denies, generally and specifically, each and every allegation contained therein.

139.  Answering paragraph 139, KMA denies, generally and specifically, each and every allegation contained therein.

140.   Answering paragraph 140, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein.

141.   Answering paragraph 141, KMA denies, generally and specifically, each and every allegation contained therein.

142.   Answering paragraph 142, KMA denies, generally and specifically, each and every allegation contained therein.

143.   Answering paragraph 143, KMA denies, generally and specifically, each and every allegation contained therein.

144.   Answering paragraph 144, KMA denies, generally and specifically, each and every allegation contained therein.

145.   Answering paragraph 145, KMA denies, generally and specifically, each and every allegation contained therein.

146.   Answering paragraph 146, KMA denies, generally and specifically, each and every allegation contained therein and also denies that plaintiffs or the purported Class are entitled to any relief.

147.   Answering paragraph 147, KMA denies, generally and specifically, each and every allegation contained therein and also denies that plaintiffs or the purported Class are entitled to any relief.

148.   Answering paragraph 148, KMA denies, generally and specifically, each and every allegation contained therein and also denies that plaintiffs or the purported Class are entitled to any relief.

149.   Answering paragraph 149, KMA denies, generally and specifically, each and every allegation contained therein and also denies that plaintiffs or the purported Class are entitled to any relief.

## FIFTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY

### (On Behalf of the Nationwide Class or, Alternatively,

### the California and Illinois Classes)

150.   Answering paragraph 150, KMA re-alleges its responses to Paragraphs 1-149 as if fully set forth in response.

151.   Answering paragraph 151, this paragraph simply reflects on whose behalf plaintiffs assert this claim and does not require admission or denial.

152.   Answering paragraph 152, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein.

153.   Answering paragraph 153, KMA denies, generally and specifically, each and every allegation contained therein.

154.   Answering paragraph 154, KMA denies, generally and specifically, each and every allegation contained therein.

155.   Answering paragraph 155, KMA denies, generally and specifically, each and every allegation contained therein.

156.   Answering paragraph 156, KMA denies, generally and specifically, each and every allegation contained therein and also denies that plaintiffs or the purported Class are entitled to any relief.

157.   Answering paragraph 157, KMA denies, generally and specifically, each and every allegation contained therein and also denies that plaintiffs or the purported Class are entitled to any relief.

158.   Answering paragraph 158, KMA denies, generally and specifically, each and every allegation contained therein and also denies that plaintiffs or the purported Class are entitled to any relief.

159.   Answering paragraph 159, KMA denies, generally and specifically, each and every allegation contained therein and also denies that plaintiffs or the purported Class are entitled to any relief.

## SIXTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

### (On Behalf of the Nationwide Class or, Alternatively,

### the California and Illinois Classes)

160.   Answering paragraph 160, KMA re-alleges its responses to Paragraphs 1-159 as if fully set forth in response.

161.   Answering paragraph 161, this paragraph simply reflects on whose behalf plaintiffs assert this claim and does not require admission or denial.

162.   Answering paragraph 162, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein.

163.   Answering paragraph 163, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein.

164.   Answering paragraph 164, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein.

165.   Answering paragraph 165, KMA denies, generally and specifically, each and every allegation contained therein.

166.   Answering paragraph 166, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation

contained therein and also denies that plaintiffs or the purported Class are entitled to any relief.

## SEVENTH CAUSE OF ACTION

## BREACH OF WRITTEN WARRANTY UNDER THE MAGNUSON-MOSS WARRANTY ACT

## (15 U.S.C. § 2301, *et seq.*)

### (On behalf of the Nationwide Class or, Alternatively, the California and Illinois Classes)

167.   Answering paragraph 167, KMA re-alleges its responses to Paragraphs 1-166 as if fully set forth in response.

168.   Answering paragraph 168, this paragraph simply reflects on whose behalf plaintiffs assert this claim and does not require admission or denial.

169.   Answering paragraph 169, KMA admits that 15 U.S.C. § 2301(3) contains a definition of "consumer."  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

170.   Answering paragraph 170, KMA admits that 15 U.S.C. § 2301(4) contains a definition for "supplier" and 15 U.S.C. § 2301(5) contains a definition of "warrantor."  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

171.   Answering paragraph 171, KMA admits that 15 U.S.C. § 2301(1) contains a definition of "consumer product."  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

172.   Answering paragraph 172, KMA admits that 15 U.S.C. § 2301(6) contains a definition of "written warranty."  KMA further admits that it provides a range of warranties, including a 5 year / 60,000 mile limited basic warranty and a 10 year / 100,000 mile limited power train warranty to new car purchasers at the time

of sale.  Other than as specifically admitted, KMA denies, generally and specifically, each and every allegation contained therein.

173.   Answering paragraph 173, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein.

174.   Answering paragraph 174, KMA denies, generally and specifically, each and every allegation contained therein.

175.   Answering paragraph 175, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein and further denies that plaintiffs or the purported Class are entitled to a remedy.

176.   Answering paragraph 176, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein and further denies that plaintiffs or the purported Class are entitled to a remedy.

177.   Answering paragraph 177, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein.

178.   Answering paragraph 178, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein and further denies that plaintiffs or the purported Class are entitled to a remedy.

# EIGHTH CAUSE OF ACTION

## COMMON LAW FRAUD

### (On Behalf of the Nationwide Class or, Alternatively,

### the California and Illinois Classes)

179.   Answering paragraph 179, KMA re-alleges its responses to Paragraphs 1-178 as if fully set forth in response.

180.   Answering paragraph 180, this paragraph simply reflects on whose behalf plaintiffs assert this claim and does not require admission or denial.

181.   Answering paragraph 181, KMA denies, generally and specifically, each and every allegation contained therein.

182.   Answering paragraph 182, KMA denies, generally and specifically, each and every allegation contained therein.

183.   Answering paragraph 183, KMA denies, generally and specifically, each and every allegation contained therein and further denies that plaintiffs or the purported Class are entitled to relief.

# NINTH CAUSE OF ACTION

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

### (On Behalf of the Nationwide Class or, Alternatively,

### the California and Illinois Classes)

184.   Answering paragraph 184, KMA re-alleges its responses to Paragraphs 1-183 as if fully set forth in response.

185.   Answering paragraph 185, this paragraph simply reflects on whose behalf plaintiffs assert this claim and does not require admission or denial.

186.   Answering paragraph 186, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein.

187.   Answering paragraph 187, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein.

188.   Answering paragraph 188, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein and further denies that plaintiffs or the purported Class are entitled to relief.

## TENTH CAUSE OF ACTION

**VIOLATION OF THE SONG-BEVERLY ACT – BREACH OF IMPLIED WARRANTY**

**(Cal. Civ. Code §§ 1792, 1791.1, *et seq.*)**

**(On Behalf of the Nationwide Class or, Alternatively, the California Class)**

189.   Answering paragraph 189, KMA re-alleges its responses to Paragraphs 1-188 as if fully set forth in response.

190.   Answering paragraph 190, this paragraph simply reflects on whose behalf plaintiffs assert this claim and does not require admission or denial.

191.   Answering paragraph 191, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein.

192.   Answering paragraph 192, plaintiffs' allegation comprises conclusions of law to which no response is required or appropriate.  To the extent an answer is required, KMA denies, generally and specifically, each and every allegation contained therein.

1    193.   Answering paragraph 193, KMA denies, generally and specifically,

2  each and every allegation contained therein.

3    194.   Answering paragraph 194, plaintiffs' allegation comprises conclusions

4  of law to which no response is required or appropriate.  To the extent an answer is

5  required, KMA denies, generally and specifically, each and every allegation

6  contained therein.

7    195.   Answering paragraph 195, plaintiffs' allegation comprises conclusions

8  of law to which no response is required or appropriate.  To the extent an answer is

9  required, KMA denies, generally and specifically, each and every allegation

10  contained therein.

11    196.   Answering paragraph 196, plaintiffs' allegation comprises conclusions

12  of law to which no response is required or appropriate.  To the extent an answer is

13  required, KMA denies, generally and specifically, each and every allegation

14  contained therein and further denies that plaintiffs or the purported Class are entitled

15  to relief.

16                    **PRAYER FOR RELIEF**

17    197.   Responding to the Prayer for Relief, KMA denies, generally and

18  specifically, that plaintiffs or the purported Class are entitled to any remedy.

19

20                    **AFFIRMATIVE DEFENSES**

21    198.   KMA sets forth the following affirmative defenses.  In asserting these

22  affirmative defenses, KMA is not assuming the burden to establish any fact or

23  proposition where that burden is properly imposed on plaintiffs.  KMA reserves the

24  right to assert additional affirmative defenses based on facts that are revealed during

25  discovery.

26

27

28

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

199.   The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against KMA.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

200.   Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack standing to assert any or all of the causes of action alleged in the Complaint and lacks standing to recover on behalf of the purported Class and/or the general public.

## THIRD AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

201.   The injury or damage suffered by plaintiffs, if any exists, would be adequately compensated in an action at law for damages.  Accordingly, plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

202.   The Complaint, and the purported causes of action alleged therein, is barred by the equitable doctrines of estoppel, waiver, laches and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

203.   Plaintiffs and/or purported class members have failed to take reasonable, necessary, appropriate and feasible steps to mitigate their alleged damages, and to the extent of such failure to mitigate, plaintiffs and/or purported

1  Class members should be barred from recovering some or all of the alleged damages

2  they seek.

3

4  ### SIXTH AFFIRMATIVE DEFENSE

5  ### (Waiver and Release)

6  204.   The Complaint, and the purported causes of action alleged therein, are

7  barred to the extent plaintiffs and/or purported Class members have waived,

8  released, relinquished or abandoned any claim for relief against KMA with respect

9  to the matters which are the subject of the Complaint.

10

11  ### SEVENTH AFFIRMATIVE DEFENSE

12  ### (Class Action Inappropriate)

13  205.   With respect to each and every allegation of the Complaint as they

14  relate to the request for class certification, class certification is not appropriate

15  because there is a lack of:

16       (a)    numerosity;

17       (b)    commonality or community of interest;

18       (c)    typicality;

19       (d)    an ascertainable class;

20       (e)    adequate representation;

21       (f)    appropriateness of relief to the putative class as a whole;

22       (g)    predominance of common questions over questions affecting

23           individual class members;

24       (h)    substantial benefit to the litigants and the court; and

25       (i)    superiority of a class action to other available methods for fair

26           and efficient adjudication.

27

28

## EIGHTH AFFIRMATIVE DEFENSE

### (Misuse of Product)

206.   KMA is informed and believes and thereupon alleges that if plaintiffs and/or purported Class members suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage, or injury was the direct and proximate result of the unforeseeable misuse of the products at issue, by plaintiffs, purported Class members and/or other parties.

## NINTH AFFIRMATIVE DEFENSE

### (Ratification)

207.   The alleged causes of action are barred, in whole or in part, because of ratification, agreement, assent, acquiescence or consent to KMA's alleged conduct.

## TENTH AFFIRMATIVE DEFENSE

### (Indemnity)

208.   If KMA is found in some manner responsible to plaintiffs and/or the purported Class for the matters alleged in the Complaint, any such injury, damage, or other costs were proximately caused and contributed to by the negligence, fault, acts or omissions of other individuals or entities for whose conduct KMA is not responsible.  By reason of the foregoing, KMA requests a court declaration of its right to be indemnified and held harmless by such persons or entities.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

209.   The Complaint, and the purported causes of action alleged therein, are barred by the applicable statutes of limitation, including, without limitation, Code of Civil Procedure Sections 337, 338(d), 340 and 343; Business and Professions Code Sections 17208 and 17535; and Code of Civil Procedure Section 1783.

1

2 **<u>TWELFTH AFFIRMATIVE DEFENSE</u>**

3 **<u>(Preemption)</u>**

4     210.   The alleged causes of action are barred, in whole or in part, by the

5 doctrine of preemption.

6

7 **<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>**

8 **<u>(Limitation of Remedy)</u>**

9     211.   The alleged causes of action are barred, in whole or in part, because

10 plaintiffs' remedies are limited under the warranty.

11

12 **<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>**

13 **<u>(Disclaimer of Implied Warranty)</u>**

14     212.   The alleged causes of action are barred, in whole or in part, by KMA's

15 disclaimer of any implied warranties.

16

17 **<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>**

18 **<u>(Lack of Privity)</u>**

19     213.   The alleged causes of action are barred, in whole or in part, because

20 plaintiffs or the proposed Class members are not in privity of contract with KMA.

21

22 **<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>**

23 **<u>(Insufficient Notice of Breach of Warranty)</u>**

24     214.   The alleged causes of action are barred, in whole or in part, because

25 plaintiffs failed to adequately notify KMA of breach of warranty.

26

27     215.   KMA reserves the right to file such additional affirmative defenses as

28 may be appropriate upon completion of its investigation and discovery.  Further, any

1  allegations contained in the Complaint which have not yet been admitted, denied or

2  otherwise explained are now denied as set forth specifically herein.

3

4          WHEREFORE, KMA prays for a judgment as follows:

5          1.      That plaintiffs take nothing by reason of the Complaint;

6          2.      That judgment be entered in favor of KMA and against plaintiffs;

7          3.      That the Complaint be dismissed with prejudice;

8          4.      That KMA be awarded their costs of suit, including reasonable

9  attorneys' fees; and

10         5.      For such other relief as this Court deems just and proper.

11

12 DATED:  September 28, 2016          Respectfully submitted,

13                                     QUINN EMANUEL URQUHART &
14                                     SULLIVAN, LLP

15

16                                     By  /s/ Shon Morgan
17                                         Shon Morgan
                                           Attorneys for Defendant Kia Motors
18                                         America Inc.

19

20

21

22

23

24

25

26

27

28